**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services,
Respondent,

v.

Kathy C., Matthew H., Michael E., Linda H., Defendants,

Of Whom Matthew H. is the Appellant,

In the interest of minor under the age of 18.

Appellate Case No. 2011-200926

———————————

Appeal From Cherokee County
Phillip K. Sinclair, Family Court Judge

———————————

Unpublished Opinion No. 2012-UP-606
Submitted October 26, 2012 – Filed November 7, 2012

———————————

**AFFIRMED**

———————————

Paul C. MacPhail, of MacPhail Law Firm, LLC, of
Spartanburg, for Appellant.

N. Beth Ramsey Faulkner, of Brice Law Firm, LLC, of
York, for Respondent.

———————————

**PER CURIAM:** Matthew H. (Boyfriend) appeals the family court's order, finding he sexually abused his girlfriend's minor child (Child) and directing placement of his name on the Department of Social Services (DSS) Central Registry of Child Abuse and Neglect (Central Registry).  We affirm.[1]

"In appeals from the family court, the appellate court has the authority to find the facts in accordance with its view of the preponderance of the evidence." *Ex parte Morris*, 367 S.C. 56, 61, 624 S.E.2d 649, 652 (2006).  "This broad scope of review does not, however, require the appellate court to disregard the findings of the family court." *Id.*  "This degree of deference is especially true in cases involving the welfare and best interests of a minor child." *Id.* at 62, 624 S.E.2d at 652.

1.      Boyfriend argues the family court erred in finding he sexually abused Child. We disagree.

Under section 63-7-20(4)(b) of the South Carolina Code (2010),

> "[c]hild abuse or neglect" or "harm" occurs when the parent . . . or other person responsible for the child's welfare:
>
> commits or allows to be committed against the child a sexual offense as defined by the laws of this State or engages in acts or omissions that present a substantial risk that a sexual offense as defined in the laws of this State would be committed against the child[.]

A person is guilty of criminal sexual conduct with a minor if they engage in sexual battery with a victim less than eleven years old.  S.C. Code Ann. § 16-3-655(A)(1) (Supp. 2011).  "Sexual battery" is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, except when such intrusion is accomplished for medically recognized treatment or diagnostic purposes."  S.C. Code Ann. § 16-3-651(h) (2003).

In the instant case, the forensic evaluator's (Evaluator) testimony and report about Child's statements made to her during interviews indicate Child was sexually abused.  Further, the guardian ad litem's report containing Child's spontaneous

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

statements to Cherokee Children's Home staff during bath time further substantiate Evaluator's finding of sexual abuse. Additionally, Child's great-grandmother (Grandmother) testified Child told her about the sexual abuse, and the family court found Grandmother's testimony was credible. *See Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 652 (2011) (holding although the appellate courts review the family court's findings de novo, they are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony).

Accordingly, we affirm the family court's finding that Boyfriend sexually abused Child.

2.      Boyfriend argues the family court erred in ordering placement of his name on the Central Registry because it failed to make sufficient factual findings to support such placement. We disagree.

Section 63-7-1920(A) of the South Carolina Code (2010) requires DSS to "maintain a Central Registry of Child Abuse and Neglect," and providing "[e]ach entry in the registry must be accompanied by information . . . identifying the [perpetrator of child abuse or neglect] . . . and describing the abuse or neglect committed by the [perpetrator]." Section 63-7-1940(A)(1) details the means by which a person is entered in the Central Registry and provides as follows:

> At a hearing pursuant to [s]ection 63-7-1650 or 63-7-1660, at which the court orders that a child be taken or retained in custody or finds that the child was abused or neglected, the court:
>
> must order that a person's name be entered in the Central Registry of Child Abuse and Neglect if the court finds that there is a preponderance of evidence that the person physically or sexually abused . . . the child. Placement on the Central Registry cannot be waived by any party or by the court.

Because we find the family court did not err in finding Boyfriend sexually abused Child, we also find the family court did not err in ordering Boyfriend's name be placed on the Central Registry pursuant to section 63-7-1940.

3.     Boyfriend argues the family court erred in finding a preponderance of the evidence supported DSS's "indication" that Boyfriend sexually abused Child.  We disagree.

Section 63-7-920 of the South Carolina Code (2010) provides guidelines to DSS for investigating reports of suspected child abuse or neglect.  DSS has a duty to begin a thorough investigation within twenty-four hours of receiving a report of suspected child abuse or neglect and must classify the report as either "indicated" or "unfounded" within sixty days.  §§ 63-7-920(A)(1), 63-7-930(A).  "Indicated findings" of abuse or neglect by DSS "must be based upon a finding of the facts available to the department that there is a preponderance of evidence that the child is an abused or neglected child."  § 63-7-930(B)(1).  A "[p]reponderance of evidence" is "evidence which, when fairly considered, is more convincing as to its truth than the evidence in opposition."  § 63-7-20(19).  Furthermore, DSS has the responsibility to bring meritorious allegations of child abuse and neglect before the family court.  *S.C. Dep't of Soc. Servs. v. Scott K.*, 380 S.C. 140, 147, 668 S.E.2d 425, 429 (Ct. App. 2008).

Once DSS has classified a report as "indicated," it may then petition the family court to remove the child from the custody of the parent if it determines (1) by a preponderance of the evidence, the child has been abused or neglected and (2) the child cannot be safely maintained in the home.  *See id.* at 148, 668 S.E.2d at 429; *see also* § 63-7-1660(A).  The family court can order removal only after it finds the allegations of the DSS petition are "supported by a preponderance of evidence including a finding that the child is an abused or neglected child as defined in [s]ection 63-7-20[,]" and "the child cannot reasonably be protected from . . . harm without being removed."  § 63-7-1660(E).

In this case, DSS presented evidence to support the reported allegation of sexual abuse.  The DSS worker testified her investigation included: interviews of Child and of biological father and mother; a letter from Grandmother; information from the Children's Home, which were indicative of possible sexual abuse; and information she obtained from Evaluator regarding statements Child made to her during interviews.  The DSS worker testified the "basis for making our case decision was based on [Child's] disclosures during her forensic assessment," and also on "the statements of everybody involved including all the defendants." Therefore, Boyfriend's argument that DSS had no evidence, other than Grandmother's report of sexual abuse, to substantiate its "indication" is without merit.  Further, although Boyfriend is correct in asserting Evaluator's forensic

report had not yet been completed at the time DSS found this case was "indicated," the DSS worker testified Evaluator called her after the interviews to inform her of statements Child made during the interviews.

Moreover, the family court considered all the testimony and evidence, including evidence concerning Grandmother's motive and mother's denial of sexual abuse, and determined there was a preponderance of evidence to support DSS's allegation of sexual abuse. In its order, the family court found Grandmother's testimony was credible and Evaluator's testimony as to Child's statements "compelling," and we lend credence to this finding. *See Lewis*, 392 S.C. at 385, 709 S.E.2d at 652.

Accordingly, we hold the family court did not err in finding a preponderance of the evidence supported DSS's allegation that Boyfriend sexually abused Child.

4.     Boyfriend argues the family court erred in allowing Grandmother's testimony as to Child's out-of-court statement. We disagree.

Testimony of the out-of-court statement of a child who is under the age of twelve will be admitted in a family court proceeding where abuse or neglect is alleged if the family court finds the child is unavailable to testify for one of five statutory reasons, and the child's out-of-court statement possesses particularized guarantees of trustworthiness. S.C. Code Ann. § 19-1-180 (Supp. 2011). A child may be classified as "unavailable" to testify when the child is incompetent, which includes the child's inability to communicate about the offense because of fear, or there is a substantial likelihood the child will suffer severe emotional trauma from testifying at the proceeding, on videotape, or on closed-circuit television. § 19-1-180(2)(a)(iv)-(v). Section 19-1-180(D) sets out ten factors the family court may consider in determining whether a child's out-of-court statement contains particularized guarantees of trustworthiness. Furthermore, the appellate courts "give great deference to the family court's determination on the issue of trustworthiness." *Richland Cnty. Dep't of Soc. Servs. v. Earles*, 330 S.C. 24, 32, 496 S.E.2d 864, 868 (1998).

The evidence in the record supports the admissibility of Grandmother's testimony as to Child's out-of-court statement. The family court found Child was unavailable to testify for two reasons. First, Child was unavailable because she was incompetent, in that she was unable to communicate about the abuse due to fear. Second, Child was unavailable because there was a substantial likelihood she would suffer severe emotional trauma from testifying at the proceeding, on

videotape, or on closed-circuit television.  As to the statement's trustworthiness, the family court stated in its order:

> [C]hild's out-of-court statements were shown to possess particularized guarantees of trustworthiness in that the child's young age made it unlikely that she fabricated statements such as those she described.  Further, the statements were heard by more than one person.  There was no apparent motive for the child to falsify or distort the event.  The child obviously had personal knowledge of this event.

*See* § 19-1-180(D)(1), (4), (5), & (8) (providing the family court considers factors such as "the child's personal knowledge of the event[,] any apparent motive the child may have to falsify or distort the event, whether more than one person heard the statement[,] and whether the child's young age makes it unlikely that the child fabricated a statement").  Additionally, the family court found Grandmother's testimony was credible.  *See* § 19-1-180(D)(3) (maintaining the credibility of the person testifying about the statement is a factor the family court considers in determining whether the child's statement is trustworthy).

Accordingly, we affirm the trial court's decision to allow Grandmother's testimony as to Child's out-of-court statement because Child was "unavailable" and the statement was trustworthy.

**AFFIRMED.**

**FEW, C.J., WILLIAMS, J., AND PIEPER, J.**